# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00069-CR

**Kawana Taeisha Hall, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 50,723, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

A jury found appellant Kawana Taeisha Hall guilty of recklessly causing bodily injury to a child. *See* Tex. Pen. Code Ann. § 22.04(a)(3), (f) (West Supp. 2002). The district court assessed punishment at incarceration for two years in a state jail, but suspended imposition of sentence and placed Hall on community supervision. The sole issue on appeal is whether Hall was entitled to a jury instruction on the defense of a third person. Finding that the court properly refused the instruction, we will affirm.

Brian Souder, the complainant, and Stephon Lewis, Hall's son, were middle school classmates. During the days leading up to the event giving rise to this prosecution, the two boys had been, to use defense counsel's phrase, "like two barn roosters trying to size each other up." According to Brian, Stephon had been "talking trash" and "telling people how he can beat me up." Stephon testified that Brian had followed him as he walked home from school, threatening to fight him. When Stephon told his mother about this, she said "he mess with you, you fight him."

On the afternoon in question, Brian was standing outside the school with friends when Stephon and Hall approached him. Brian testified that Hall "walked up to me and said you want to fight? Here he goes and she pushed him towards me." Stephon then swung at Brian with his fist and missed. Brian struck Stephon in the face and he fell to the ground. Brian "got on top of him, started punching him." After Brian hit Stephon several times, Hall seized Brian by the collar, turned him, and slapped him. She then pushed Brian to the ground and "told her son to get on top of me and she grabbed her son and put him on top of me." The two boys continued to exchange blows until the fight was broken up by a teacher.

Other witnesses gave similar accounts of the incident. Even Stephon acknowledged that he "walked up to [Brian] and hit him," saying he did so because "the only way he was going to stop bothering me was to fight him so I fought him." With regard to Hall's intervention in the fight, Stephon testified, "Brian fell on top of me and my mom pulled him off me. I stood up and went after him again." Stephon admitted that he never abandoned the fight, and stopped trying to hit Brian when "[a]nother student grabbed me and I couldn't get after him."

Hall testified that as she and her son were leaving the school, she heard someone "belittle" Stephon. She turned to a group of students and asked, "Who is it that wants to fight him?" Brian stepped forward. "I said well, I don't know why you want to fight him but I don't think you're going to leave him alone until he fights you. So I told Stephon go ahead and fight him." After the fight began, Brian was "beating Stephon to death. He just was beating on him." She said she put her hand on Brian's shoulder and told him "okay, that's enough. Grabbed his shoulder and pulled him away from Stephon."

A person is justified in using force against another to protect a third person if: (1) under the circumstances as the actor reasonably believes them to be, she would be justified in using force to protect herself against the unlawful force she reasonably believes to be threatening the third person she seeks to protect; and (2) the actor reasonably believes that her intervention is immediately necessary to protect the third person. Tex. Pen. Code Ann. § 9.33 (West 1994). The effect of section 9.33 is to place the actor in the shoes of the third person. *Hughes v. State*, 719 S.W.2d 560, 564 (Tex. Crim. App. 1986). If, under the circumstances as the actor reasonably believes them to be, the third person would be justified in using force in self-defense, the actor may step in and use force on behalf of the third person. *Id.*

The use of force in self-defense is not justified if the actor provoked the other's use or attempted use of unlawful force, unless the actor abandons the encounter or clearly communicates his intent to do so. Tex. Pen. Code Ann. § 9.31(b)(4)(A) (West Supp. 2002). In the context of the third-party defense, this means that intervention on behalf of a third party is not justified if the actor knows or believes that the third party provoked the difficulty. *Hanley v. State*, 921 S.W.2d 904, 911 (Tex. App.—Waco 1996, pet. ref'd).

In this cause, the undisputed evidence shows that Hall sought out the complainant and encouraged her son to fight him. Stephon admitted throwing the first punch and said that he continued to fight Brian until he was restrained by another student. Under the circumstances as Hall knew them to be, Stephon (and Hall) provoked Brian's use of force, and Stephon never sought to abandon the encounter. Because Stephon was not justified in using force to defend himself against

3

Brian, Hall was not entitled to use force to defend Stephon against Brian. The district court properly refused the requested defensive instruction.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   February 28, 2002

Do Not Publish